**BECK, Appellant,**

v.

**Tim PAWLENTY, Governor, State of Minnesota; Jesse Ventura, Former Governor, State of Minnesota; Joan Fabian, Commissioner, Minnesota Department of Corrections; Sheryl Ramstad Hvass, Former Commissioner, Minnesota Department of Corrections; Doug Johnson, Washington County Attorney; Thomas P. Hogan, Minnesota Department of Health; Lynn Dingle, Warden, Minnesota Correctional Facility, Oak Park Heights; John King, Associate Warden, Minnesota Correctional Facility, Oak Park Heights; Dr. Stephen Craane, Correctional Medical Services; Dr. Dayton Burkholder, Correctional Medical Services; Dr. Worlali M. Nutakor, Correctional Medical Services; Dr. Ayodele Ayedun, Correctional Medical Services; Dr. Steven Allen, Minnesota Department of Corrections; Colleen Youngquist, Mail Room Supervisor, Minnesota Correctional Facility, Oak Park Heights; Jane Doe, R.N., Minnesota Correctional Facility, Oak Park Heights; Mary McComb, Minnesota Correctional Facility, all defendants are sued in both individual and official capacities while acting under the color of State laws, Appellees.**

No. 05–2390.

United States Court of Appeals, Eighth Circuit.

Submitted May 5, 2006.

Decided May 26, 2006.

Beck, Minnesota Correctional Facility, Rush City, MN, pro se.

Mark Bernard Levinger, Richard L. Varco, Jr., Attorney General's Office, Mark Wells Hardy, Geraghty & O'Loughlin, St. Paul, MN, for Appellees.

Before ARNOLD, BYE, and SMITH, Circuit Judges.

PER CURIAM.

In this interlocutory appeal, Minnesota inmate "Reverend Beck, Ph.D." challenges the district court's[1] denial of his motion for a temporary restraining order (TRO) and preliminary injunction. We lack jurisdiction to review the denial of a TRO. *See Hamm v. Groose*, 15 F.3d 110, 112–13 (8th Cir.1994). As to the preliminary injunc-

---

1. The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Franklin L. Noel, United States Magistrate Judge for the District of Minnesota.

**530**

tion, the district court set forth the relevant factors and determined Beck had not met his burden of showing that a preliminary injunction should issue. *See Dataphase Sys. Inc. v. CL Sys., Inc.,* 640 F.2d 109, 113–14 (8th Cir.1981) (en banc) (to determine whether preliminary injunctive relief is warranted, court must balance threat of irreparable harm to movant, harm to nonmoving party should injunction issue, likelihood of success on merits, and public interest). We conclude that the court did not abuse its discretion, clearly err in its fact finding, or make an error of law. *See Safety–Kleen Sys., Inc. v. Hennkens,* 301 F.3d 931, 935 (8th Cir.2002). Accordingly, we affirm. *See* 8th Cir. R. 47B.